UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEVAN BROUSSARD                                              CIVIL ACTION

VERSUS                                                                   NO. 13-531-JJB-RLB

CELEBRATION STATION
PROPERTIES, INC., ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 7, 2014.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEVAN BROUSSARD                                              CIVIL ACTION

VERSUS                                                       NO. 13-531-JJB-RLB

CELEBRATION STATION
PROPERTIES, INC., ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on referral from the district judge of the plaintiff's Motion to Remand. (R. Doc. 4). The motion is opposed. (R. Doc. 5). The issue is whether the jurisdictional amount required for diversity jurisdiction under 28 U.S.C. § 1332 has been satisfied.

**I.  Background**

On July 2, 2013, the plaintiff, Devan Broussard, filed his petition in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-1 at 3-6, "Petition"). The plaintiff alleges that on July 2, 2012, she was driving a go-kart on a go-kart track owned and operated by the defendant Celebration Station Properties, Inc. ("Celebration Station") when she "she ran into the side wall consequently pinning her right hand between the go-kart she was operating and the wall." Petition, ¶ 3. The plaintiff alleges that her hand was "shattered" by the incident, and "required surgery along with physical therapy and additional medical treatment." Petition, ¶ 4.

The plaintiff further alleges that Celebration Station was negligent, among other reasons, for failing to provide a safe zone for riders on the track and for failing to take reasonable steps to ensure the safety of the plaintiff. Petition, ¶ 5. The plaintiff claims she "has suffered and will continue to suffer personal injuries consisting of but not limited to injuries to her right hand and

1

other injuries to other parts of [her] body, which injuries have caused and will continue to cause her pain and physical suffering." Petition, ¶ 6.[1]  The plaintiff claims entitlement to the following "past, present, and future" damages: (a) physical pain and suffering; (b) mental anguish and emotional distress; (c) loss of enjoyment of life; and (d) medical expenses.  Petition, ¶ 7.

On August 14, 2013, Celebration Station filed a Notice of Removal asserting that the Court has diversity jurisdiction over the State Court action under 28 U.S.C. § 1332.  (R. Doc. 1).  The Notice of Removal states that it is facially apparent from the petition that the amount in controversy has been satisfied.

Attached to the Notice of Removal is a copy of a pre-petition settlement demand letter dated June 7, 2013 and sent by the plaintiff's counsel to a representative of defendant K and K Insurance Group, Inc. ("K and K Insurance").[2]  (R. Doc. 1-2).  The settlement demand states that the plaintiff was diagnosed with the following injuries:

1)     (R) Wrist acute traverse fracture of radius
2)     Contusion and soft tissue injury of (R) wrist and forearm
3)     (R) Wrist fracture of ulnar styloid with displacement
4)     Pinched palmar cutaneous branch of median nerve
5)     (R) Joint stiffness in forearm

The settlement demand letter further states that the plaintiff had to undergo the following surgical procedures:

1)     (R) Distal radius open reduction internal fixation of intra-articular fracture with [plate] and screws
2)     Brachioradialas tenotomy for reduction purposes

The settlement demand letter also states that in light of the plaintiff's incurred medical expenses totaling $23,646.50, as well as in light of her continued physical pain and suffering, mental pain

---

[1] The Petition replaces the name of the plaintiff with "Derick Brooks" in Paragraph 6.  This appears to be a scrivener's error.
[2] K and K Insurance is a named defendant in the caption of the Petition, but there are no explicit allegations against it in the Petition.

and suffering, and mental anguish resulting from the injuries, the plaintiff seeks a settlement amount of $85,000.00 for release of all of her claims.

## II.     Arguments of the Parties

In support of remand, the plaintiff argues that the defendants wrongly advised the Court that the jurisdictional amount of $75,000.00, exclusive of interest and costs, had been satisfied. (R. Doc. 4-1 at 1). The plaintiff stipulates "that the value of her claims in this action do not exceed" the jurisdictional amount of $75,000.00, exclusive of interest and costs. (R. Doc. 4-1 at 2).

In opposition, the defendants argue that the plaintiff's post-removal stipulation does not deprive the Court of jurisdiction. (R. Doc. 5 at 2). The defendants further argue that "[b]ased upon the plaintiff's alleged injuries, and the medical bills alone, it seems abundantly clear that the amount in controversy exceeds $75,000.00." (R. Doc. 5 at 3). The defendants provide the Court with citations to Louisiana court decisions in which plaintiffs in accidents involving wrist fractures recovered at least $75,000.00 in general damages. (R. Doc. 5 at 3). Finally, the defendants note that they have not received any additional revised settlement demands seeking less than the jurisdictional threshold. (R. Doc. 5 at 4).

## III.    Law & Analysis

### A.     Diversity Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must

exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c). The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. §1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity,[3] the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). The Court will first consider whether it is facially apparent from the Petition that the plaintiffs' claims likely exceed $75,000. If not, the Court will consider whether the defendants have set forth any facts in controversy supporting a finding of the jurisdictional minimum.

### 1. Whether the Jurisdictional Minimum is Facially Apparent

The Petition alleges that the plaintiff was operating a go-kart when "she ran into the side wall consequently pinning her right hand between the go-kart she was operating and the wall." Petition, ¶ 3. The plaintiff alleges that her hand was "shattered" by the incident, and "required surgery along with physical therapy and additional medical treatment." Petition, ¶ 4. The plaintiff alleges that she suffered injuries not only to her hand, but also to other parts of her body, which "have caused and will continue to cause her pain and physical suffering." Petition, ¶ 6. The plaintiff seeks to recover "past, present, and future" damages: (a) physical pain and suffering; (b) mental anguish and emotional distress; (c) loss of enjoyment of life; and (d) medical expenses. Petition, ¶ 7.

The circumstances of the alleged incident and the resulting surgery, physical therapy, and additional medical treatment suggest to the Court that the injuries alleged by the plaintiff are of a serious nature. Other courts in the Fifth Circuit, when faced with a petition alleging similar injuries, have concluded that the amount in controversy was facially apparent. *See*, *e.g.*, *Berry v. Toyota Motor Sales, U.S.A., Inc.*, No. 11-1611, 2011 WL 6965837 (W.D. La. Dec. 15, 2011) *report and recommendation adopted*, 2012 WL 48044 (W.D. La. Jan. 9, 2012) (amount in controversy is facially apparent where plaintiff allegedly fractured jaw from hitting steering

---

[3] The plaintiff is a citizen of Louisiana. (R. Doc. 1 at 2). Defendant Celebration Station is a citizen of Indiana. (R. Doc. 1 at 2). Defendant K and K Insurance is a citizen of Indiana and Illinois. (R. Doc. 1 at 2).

5

wheel in car accident); *Hernandez v. CST Drilling Fluid, Inc.,* No. 08–11, 2008 WL 150962, at *3 (S.D. Tex. Jan. 11, 2008) (allegations of a crushed foot and toes affirmatively revealed that the amount in controversy was met on the face of the petition, triggering the 30-day removal period under 28 U.S.C. §1446(b)).[4]  The defendant has also submitted Louisiana state court cases awarding plaintiffs total general and special damages exceeding the jurisdictional amount involving wrist fractures.  (R. Doc. 5 at 3).[5]

Here, the plaintiff alleges that she had to undergo surgery, physical therapy, additional medical treatment, and suffers from continued physical pain regarding an allegedly "shattered" hand from a go-kart accident.  The plaintiff also alleges "mental anguish and emotional distress," which the Fifth Circuit has noted, along with allegations of functional impairments or disability,

---

[4] Several decisions by the U.S. District Court for the Eastern District of Louisiana have concluded that allegations of broken bones in certain negligence actions were insufficient to satisfy the facially apparent test.  *See*, *e.g.*, *Duroncelet v. Omni Hotels Mgmt. Corp*., No. 07-5386, 2008 WL 3851628 (E.D. La. Aug. 12, 2008) (amount in controversy not facially apparent where plaintiff alleged injuries from slip-and-fall including "a fractured bone in her right wrist, a mild concussion, along with a permanent leg scar"); *Roussel v. Geico Indem. Co.*, No. 00-806, 2000 WL 1100373 (E.D. La. Aug. 3, 2000) (amount in controversy not facially apparent where plaintiff alleged having a "broken ankle, and some related general damages" but did not claim "other special damages or lost wages"); *Ball-Tyler v. New Orleans Steamboat Co.*, No. 00-0773, 2000 WL 863130 (E.D. La. June 27, 2000) (allegations of injuries to foot from falling table could not support a finding that the amount in controversy was facially apparent); *Altiere v. Hilton Hotels Corp.*, No. 97-2775, 1998 WL 171568 (E.D. La. Apr. 13, 1998) (amount in controversy not facially apparent in slip-and-fall where plaintiff alleged injuries including "bruises, lacerations, broken front tooth, fractured ribs and a bruised right hand" as well as "unspecified" mental and physical pain and suffering).

[5] These cases are informative, though not dispositive, with regard to determining whether the amount in controversy is facially apparent.  These cases suggest to the Court that if the plaintiff can establish her claim of residual pain, she may be entitled to general damages exceeding the jurisdictional amount.  *See Williams v. Ruben Residential Properties*, 58 So.2d 534 (La. App. 2nd Cir. 2011) (awarding $300,000 in general damages where plaintiff sustained a complex wrist fracture requiring reduction surgery and established significant residual pain); *Bienvenu v. Dudley*, 682 So. 2d 281 (La. App. 1st Cir. 1996) (awarding $75,000 in general damages where plaintiff sustained a fracture to his left distal radius of the wrist, underwent a closed reduction procedure, and had resulting increased pain to pre-existing sacroiliitis); *Boudreaux v. Schwegmann Giant Supermakets*, 585 So. 2d 583 (La. App. 4th Cir. 1992) (awarding $75,000 in general damages where plaintiff had surgery for a "comminuted displaced distal radial" fracture and was then diagnosed with carpal tunnel syndrome and post-traumatic degenerative arthritis of the wrist joint).

6

may support a "substantially larger monetary basis for federal jurisdiction" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999).

Furthermore, although Louisiana Code of Civil Procedure article 893(A) prohibits plaintiffs from specifying an amount of damages in a petition filed in Louisiana court, it expressly requires plaintiffs to generally allege, if applicable, that the damages sought are less than the requisite amount for the right to a jury trial or to establish federal jurisdiction.[6] There is no statement in the Petition stating that the damages sought are less than the requisite amount to establish diversity jurisdiction. The absence of such a statement in the Petition may be considered in determining whether the amount in controversy is sufficient. *Weber v. Stevenson,* No. 07–595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007).

Although it is a close call based on the specific facts and injuries alleged, based on the foregoing, the Court concludes that the amount in controversy is facially apparent.

### 2. Whether the Defendants Submitted Facts in Controversy Supporting a Finding of the Jurisdictional Minimum.

Even if the amount in controversy was not facially apparent, summary-judgment evidence provided by the defendants as an attachment to the Notice of Removal clarifies that the amount in controversy requirement is satisfied. The defendants submitted a pre-petition settlement demand letter detailing the physical injuries suffered by the plaintiff, the medical expenses incurred by the plaintiff for surgery, and demanding $85,000.00 to settle her claims. (R. Doc. 1-2).

---

[6] "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate." La. C. Civ. P. art. 893(A)(1).

The plaintiff's pre-petition settlement demand of $85,000 for release of all of her claims "is valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995) (citing *Wilson v. Belin,* 20 F.3d 644, 651 n. 8 (5th Cir. 1994)). In *Fairchild*, the settlement letter alleged that the plaintiff had incurred $110,000 in damages, with itemized amounts for mental anguish ($15,000); various sprains ($15,000); aggravation of a pre-existing ruptured disc ($15,000); injury to knee ($35,000); future medical expenses ($10,000), and loss of earnings ($20,000). *Id*. at 970. The court considered this pre-petition settlement demand letter in concluding that the defendants had met their burden in providing that the jurisdictional amount of the time ($50,000) was satisfied. *Id*. at 971-72.

All federal courts in Louisiana have relied upon and cited *Fairchild* for the proposition that pre-petition settlement letters are "valuable evidence" for determining the amount in controversy if that amount is not facially apparent. *See*, *e.g.*, *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n. 8 (M.D. La. 2010) (granting remand where the confidential pre-petition settlement letter clarified that the jurisdictional amount was not satisfied); *Daniels v. Metro. Prop. & Cas. Ins. Co.*, No. 03-1900, 2003 WL 22038371, at *3 (E.D. La. Aug. 25, 2003) (denying remand where plaintiff's counsel evaluated the claim at $150,000 in settlement demand letter); *Creppel v. Fred's Stores of Tennessee, Inc.*, No. 13-734, 2013 WL 3490927, at *3 (E.D. La. July 10, 2013) (denying remand where plaintiff's pre-petition settlement demand letter assessed the value of the case at $80,000); *Soileau v. Louisville ladder Inc.*, No. 08-0385, 2008 WL 1924234, at *2 (W.D. La. Apr. 28, 2008) (granting remand where pre-petition settlement demand was for $28,392).

8

The plaintiff's settlement letter in this case, like the settlement letter in *Fairchild*, details the plaintiff's injuries, medical diagnoses and treatment, and medical expenses, with references to supporting documentation. The plaintiff's description of her diagnosed injuries indicates that she suffered from fractures to both her radius and ulna, with soft tissue damage and a pinched nerve. The plaintiff underwent surgery requiring plates and screws and tendon removal. This surgery totaled $23,646.50.[7] In light of the detail provided by the plaintiff in her pre-petition settlement letter, the Court finds that the $85,000 demand to be an honest assessment of a reasonable settlement value of the case or of plaintiff's damages in full. *Creppel*, 2013 WL 340927, at *4 (settlement letter providing plaintiff's injuries, treatment and medical expenses, with references to supporting documents, represented an "honest assessment" of the plaintiff's damages); *see also Bray v. Strategic Restaurants*, No. 08-767, 2010 WL 431464, at *3 (M.D. La. Feb. 4, 2010) (jurisdictional amount was satisfied where the plaintiff, an attorney, made a "firm offer to settle this case for the amount of $125,000," even if "a neutral, objective evaluation of the case at the time of removal would have supported the conclusion that the case was not worth more than $75,000. . . . ").

Finally, the plaintiff attempts to defeat jurisdiction by stipulating that "the value of her claims in this action do not exceed the sum of Seventy-Five Thousand and no/100's ($75,000.00), exclusive of interests and costs." (R. Doc. 4-1 at 2). Although a unilateral post-removal stipulation does not deprive the court of jurisdiction if the amount in controversy is facially apparent, it may be considered to clarify the amount in controversy if it is ambiguous from the face of the petition. *See Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir. 1993); *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559,

---

[7] The settlement letter states that it attaches itemized medical expenses, but those itemized medical expenses were not attached to the settlement letter entered into the record.

565 (5th Cir. 1993) (when the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider it in determining whether remand is proper); *McGlynn*, 693 F. Supp. 2d at 596 (M.D. La. 2010) (properly considering post-removal affidavit regarding the amount in controversy "since [defendant] failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").

The stipulation submitted by the plaintiff has little value, however, because it is not binding. The only way the plaintiff's stipulation would be binding "is if, within that stipulation, [she] expressly renounced [her] right to recover in excess of $75,000.00" in state court. *McGlynn*, 693 F. Supp. 2d at 593 (plaintiff's stipulation was not binding because it failed to "provide that he will not accept more than [$75,000] in the event he is awarded that amount in state court"); *see also Printworks, Inc. v. Dorn Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding). This is because a Louisiana state court can award all damages to which it feels a plaintiff is entitled, regardless of what is plead in the petition. *See* La. C. Civ. P. art. 862 ("a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings"). Here, the plaintiff's stipulation merely provides that "the value of her claims in this action" do not exceed the jurisdictional threshold; it does not bind the plaintiff from accepting more than $75,000 in recovery.[8]

---

[8] Similarly, the non-binding stipulation submitted as part of the plaintiff's motion to remand does not satisfy the plaintiff's burden of showing that there is a "legal certainty" that she will not be able to recover

Accordingly, even if it was not facially apparent from the petition that the amount in controversy has been satisfied, the defendant has submitted summary judgment-type evidence establishing that the plaintiff's claims more likely than not exceed $75,000, exclusive of interest and costs.

**IV.    Conclusion**

For the foregoing reasons, the defendant has met its burden of proving the amount in controversy has more likely than not been satisfied.  The plaintiff has not established to a legal certainty otherwise.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion to Remand (R. Doc. 4) be **DENIED.**

Signed in Baton Rouge, Louisiana, on March 7, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

the jurisdictional amount. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (once the defendant establishes that the jurisdictional amount is satisfied, the burden of prove shifts to the plaintiff to establish to a "legal certainty" that he or she will not be able to recover the jurisdictional amount by: (1) showing state procedural rules binding the plaintiffs to their pleadings, or (2) filing a binding stipulation or affidavit to that effect with their petition).  Here, the plaintiff did not supply a binding stipulation with her petition binding.